JUAN SOTO LÓPEZ, Appellant, v. REGISTRAR OF PROPERTY OF SAN JUAN, FIRST SECTION, Respondent.

No. 990. Submitted March 30, 1937.—Decided April 7, 1937.

*Rafael Buscaglia* for appellant. The registrar appeared by brief.

Mr. Justice Travieso delivered the opinion of the court.

The appellant is the owner of an urban property recorded under number 3519, at folio 33, volume 44 of Santurce North. Said property was segregated from property No. 1556, and the latter, in turn, from property No. 519.

By a deed dated February 28, 1915, Carmen Figueroa, owner of property No. 519, executed a mortgage on two-eighths of said property in favor of Emilia Surís Cardona, for a term of two years, maturing on February 28, 1917. By reason of its origin, property No. 3519, owned by the appellant, is encumbered by a mortgage for $336 principal and interest thereon at the rate of $3 per month. The said mortgage was assigned to Luis Hernáiz Verone, married to Josefa Albandoz, by a deed dated February 12, 1920, and the assignment was recorded at folio 237 back, volume 56 of Santurce North, property No. 519.

On March 2, 1937, the appellant petitioned the respondent registrar for the cancellation of the mortgage as to property No. 3519. He based his petition on the ground that as more than twenty years had elapsed since the mortgage became due on February 28, 1917, the cancellation of the lien was proper, without summoning the mortgage creditor, in accordance with the provisions of Act No. 12 of August 29, 1923 (Special Session Laws, p. 36).

The registrar refused the cancellation requested and set forth his reasons in the following decision:

"The cancellation requested is denied because it is noted that the mortgage was in existence on February 12, 1920, and twenty years have not elapsed since that day (*sic*) date, and in lieu thereof a

cautionary notice has been taken for one hundred and twenty days, at folio 34, volume 44 of Santurce North, property No. 3519, annotation letter C. San Juan, March 9, 1937.''

By the present appeal it is sought to reverse the above decision, to order the cancellation free of charge to the appellant, and to impose the costs, charges, and attorney's fees on the respondent.

Section 2 of Act No. 12 of August 1923, *supra*, which became effective on the date of its approval, provides in its pertinent part as follows:

"Section 2.—Any natural or artificial person who is the owner of real estate encumbered by mortgage liens overdue for twenty (20) years or constituted for that time if they have no term, may file with the court of the district where such property, or the greater part thereof, is located, a petition requesting the cancellation of said mortgage, and the judge of said court shall order the citation of the creditor to appear in said court within ten (10) days, if it is served in the district, and within twenty (20) days, if outside the district but in the Island, and within forty (40) days, if outside of the Island, to show cause why said mortgage should not be cancelled.

"If on the expiration of said term the summoned creditor fails to appear, his default shall be entered, and the court shall render judgment cancelling the entry. Should said mortgage creditor appear to oppose the aforesaid cancellation, then the proceedings shall become contentious and shall be prosecuted according to the procedure established in the Code of Civil Procedure.

'' * * * * * * *

"On the lapse of one year from the date on which this Act takes effect and on petition of the aforesaid interested parties, registrars shall cancel the mortgages referred to in this section, without need of any notice whatever, if the filing of suit to recover the same or the subsistence of such liens is not shown in the registry.''

The fundamental purpose of the section above transcribed is to cancel in the books of the registry all those mortgages that have become extinguished or have prescribed by reason of the expiration of the limitation period of twenty years fixed by section 1864 of the Civil Code (1930 ed.) for

bringing a mortgage action. The mortgage creditor is bound to know the law and, therefore, knows that if he is not diligent and fails to collect or renew his credit before the same becomes extinguished by operation of law, the debtor will have a right to request the registrar to remove the cloud upon his title by canceling the record of the extinguished lien. See *Alejandro* v. *Registrar,* 50 P.R.R. 633.

■ The respondent registrar admits that the debtor under a mortgage credit, overdue for more than twenty years, has a right to request the cancellation of the mortgage lien, but he is of the opinion that in the instant case said cancellation does not lie, because the original creditor assigned the mortgage credit on February 12, 1920, three years after its maturity, to Luis Hernáiz Verone, in whose name the credit appears recorded by virtue of the assignment; that the legal effect of said assignment was to confirm in the registry the subsistence of the lien; and that the term of twenty years should be computed from the date of the assignment, February 12, 1920, and not from the date of maturity of the obligation, February 28, 1917.

We must hold that respondent's construction of the statute is erroneous. The term of twenty years granted by section 1864 of the Civil Code to the mortgage creditor to recover on the obligation by suit, can only be interrupted by the commencement of the suit, by an extrajudicial demand by the creditor, or by any act of acknowledgment of the debt by the debtor. See section 1873, Civil Code, 1930 ed. The assignment of the credit by the mortgage creditor in favor of a third person, without the intervention or express consent of the debtor, can not be considered in any way as an act of acknowledgment of the debt by the debtor and, therefore, can not interrupt the legal term of prescription of an action on the mortgage; once such term has expired, the debtor becomes entitled to request the cancellation of the lien. Any other construction would render ineffectual the statute of limitations.

For the reasons stated the decision appealed from is reversed and the cancellation prayed for is ordered free of charge to the appellant; all without special imposition of costs.